# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **COLOR SPOT HOLDINGS, INC., et al.**[1] | Case No. 18-11272 (LSS) |
| Debtors. | Jointly Administered |
| | RE: Docket Nos. 11 & 36 |

## FINAL ORDER (I) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the motion (the "**Motion**")[2] of the Debtors requesting entry of interim and final orders, pursuant to sections 105(a), 363(b), 1107(a), and 1108 of title 11 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, the prepetition claims of certain Critical Vendors and (ii) authorizing the Banks to honor all related checks and electronic transfer requests; and upon the First Day Declaration; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final order consistent with Article III of the United States Constitution; and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Color Spot Holdings, Inc. (7061); Color Spot Nurseries, Inc. (3266); Hines Growers, Inc. (5946); and Lone Star Growers, Inc. (4748). The Debtors' principal offices are located at 27368 Via Industria, Suite 201, Temecula, CA 92590.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:23331425.2

the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED on a FINAL BASIS to the extent provided herein.

2. The Debtors are hereby authorized, but not required, to pay, in their sole discretion, without further order of this Court, the Critical Vendor Claims. Notwithstanding the foregoing, payments on account of Critical Vendor Claims shall not exceed $5 million without further order of this Court.

3. The Debtors shall undertake appropriate efforts to cause the Critical Vendors to enter into Trade Agreements with the Debtors substantially in the form of the letter annexed as Exhibit C to the Motion as a condition to payment of the Critical Vendor Claims; *provided, however*, that, absent further order of this Court, the Debtors shall not grant any preference waivers in connection with the payment of a Critical Vendor Claim or entry into a Trade Agreement.

4. The Debtors are authorized to (a) make payment on account of Critical Vendor Claims in the absence of a Trade Agreement and (b) subject to the voluntary, written agreement (which may be by email) of the affected Critical Vendor, modify the Customary Trade Terms (including contractual terms), even if less favorable to the Debtors, in the absence or as part of a Trade Agreement, after the Debtors have undertaken appropriate efforts to cause the Critical Vendor to execute a Trade Agreement and if the Debtors determine, in their sole discretion, that failure to pay the Critical Vendor Claim presents a material risk of irreparable harm to the Debtors' business.

5. If a Critical Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms following receipt of payment on its Critical Vendor Claim or fails to comply with any Trade Agreement entered into by such Critical Vendor and the Debtors, the Debtors may, in their sole discretion, and without further order of this Court, (i) declare that any Trade Agreement between the Critical Vendor and the Debtors is terminated and (ii) declare that payments made to the Critical Vendor on account of its Critical Vendor Claim be deemed to have been made in payment of then-outstanding postpetition claims of such Critical Vendor without further order of this Court, and seek to recover any payments made to such Critical Vendor on account of its Critical Vendor Claim to the extent that payments on account of such Critical Vendor Claim exceed the postpetition claims of such Critical Vendor then outstanding without giving effect to any rights of setoff, claims, provision for payment of reclamation or section 503(b)(9) claims, or otherwise. In the event that a Trade Agreement is terminated or a Critical Vendor refuses to supply goods or services to the Debtors following receipt of payment on its Critical Vendor Claim (regardless of whether such Critical Vendor has entered into a Trade Agreement), it is the explicit intention of this Court to return the parties to their position immediately prior to the entry of this Order with respect to all prepetition claims.

6. The Debtors may, in their sole discretion, reinstate a terminated Trade Agreement if: (i) such determination is subsequently reversed by this Court after notice and a hearing following a motion by the Critical Vendor, for good cause shown, that the determination was materially incorrect; (ii) the underlying default under the Trade Agreement was fully cured by the Critical Vendor not later than five (5) business days following the Debtors' notification to the Critical Vendor that a default had occurred; or (iii) the Debtors reach a favorable alternative agreement with the Critical Vendor.

01:23331425.2

3

7. The Debtors shall maintain a matrix summarizing: (i) the name of each Critical Vendor paid; (ii) the amount paid to each Critical Vendor on account of its Critical Vendor Claim; and (iii) the type of goods and services provided by each Critical Vendor. This matrix shall be updated regularly, but in no event less than weekly, and a copy provided, upon reasonable request, to: (i) counsel and other professionals of the agent to the Debtors' postpetition lenders; (ii) counsel to any statutory committee appointed in these chapter 11 cases, upon execution of a confidentiality agreement in a form satisfactory to the Debtors; and (iii) counsel to the Debtors' prepetition secured lenders. Recipients of the matrix shall keep it confidential and not disclose it to anyone, except their respective professional advisors or as otherwise authorized by the Debtors or this Court.

8. The Banks are authorized to rely on the Debtors' direction to pay amounts in accordance with this Order, provided that sufficient funds are available in the applicable accounts to make the payments.

9. The provisions contained herein shall not be construed to limit, or in any way affect, the Debtors' ability to contest any claims, including any Critical Vendor Claims, on any ground permitted by applicable law, and neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to subsequently dispute such obligation on any ground that applicable law permits. Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under section 365 of the Bankruptcy Code. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person

10. The requirements of Bankruptcy Rule 6004(a) are waived.

11. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

12. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: June 23, 2018
Wilmington, Delaware

*Laurie Selber Silverstein*
Laurie Selber Silverstein
United States Bankruptcy Judge