# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **COLOR SPOT HOLDINGS, INC., et al.,**[1] | Case No. 18-11272 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref Nos. 64 & 119** |

### ORDER (I) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) APPROVING CERTAIN BIDDING PROCEDURES AND ASSUMPTION AND ASSIGNMENT PROCEDURES, AND THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of: (a) an order, (i) scheduling a hearing (the "**Sale Hearing**") on approval of the Sale of all or substantially all of the Debtors' Assets, or a portions thereof, free and clear of all liens, claims, Encumbrances, and other interests, and authorizing the assumption and assignment of certain Assumed Contracts in connection therewith; (ii) authorizing and approving certain bidding procedures for the Sale, attached hereto as Exhibit 1 (collectively, the "**Bidding Procedures**"), authorizing and approving certain Assumption and Assignment Procedures provided for herein, and authorizing and approving the form and manner of each of the foregoing; and (iii) granting related relief; and (b) a Sale Order (i) authorizing and approving the Debtors' entry into a Purchase Agreement or Agreements for the Assets (or a subset(s) thereof); (ii) authorizing and approving the Sale, free

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Color Spot Holdings, Inc. (7061); Color Spot Nurseries, Inc. (3266); Hines Growers, Inc. (5946); and Lone Star Growers, Inc. (4748). The Debtors' principal offices are located at 27368 Via Industria, Suite 201, Temecula, CA 92590.

[2] Capitalized terms used but not defined herein shall have the meanings given them in the Bidding Procedures (as defined below), or to the extent not defined therein, the Motion.

01:23175315.9

and clear of all Encumbrances other than those permitted by the subject Purchase Agreement; (iii) authorizing and approving the assumption and assignment of the Assumed Contacts in connection therewith; and (iv) granting related relief; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion; and upon the First Day Declaration; and this Court having found and determined that the relief sought in the Motion as to the Bidding and Auction Process (as defined below) is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion, the First Day Declaration and at any hearing in connection with the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**FOUND AND DETERMINED THAT:**[3]

A. This Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

B. Venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.   The statutory and legal predicates for the relief requested in the Motion and provided for herein are sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

D.   The Debtors have demonstrated that good and sufficient notice of the relief granted by this Order has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties.

E.   The Stalking Horse Notice, as described in the Motion, if utilized, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of: (i) the identification of the Stalking Horse Purchaser, including any affiliations with the Debtors; (ii) the Assets that are the subject of the Stalking Horse Agreement; (iii) a copy of the Stalking Horse Agreement; (iv) the purchase price provided for in the Stalking Horse Agreement; (v) any proposed Bid Protections; and (vi) the deposit paid by the Stalking Horse Purchaser. No other or further notice will be required of the foregoing.

F.   Notice of the hearing for approval of this Order and the Sale Notice (defined below) are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the Bidding Procedures, the Auction, the Sale, and the Sale Hearing, and any and all objection deadlines related thereto, and no other or further notice is required of the foregoing.

G. The Bidding Procedures are (i) fair, reasonable, and appropriate; and (ii) designed to maximize recovery with respect to the Assets.

H. The Assumption and Assignment Procedures provided for herein and the Assumption Notice (as defined below) are reasonable and appropriate and consistent with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006. The Assumption and Assignment Procedures and the Assumption Notice have been tailored to provide an adequate opportunity for all Counterparties (as defined below) to assert any Contract Objections (as defined below).

I. Entry of this Order is in the best interests of the Debtors, their estates and creditors and all other interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Those portions of the Motion seeking approval of (a) the Bidding Procedures, (b) the Assumption and Assignment Procedures, (c) the date and time of the Sale Hearing, (d) the procedures regarding the selection of the Stalking Horse Agreement, and (e) the noticing and objection procedures related to each of the foregoing, including, without limitation, the Stalking Horse Notice (as defined below), the notice of the Debtors' potential assumption and assignment of the Assumed Contracts, substantially in the form attached hereto as Exhibit 2 (the "**Assumption Notice**"), and the notice of the entry of this Order, substantially in the form attached hereto as Exhibit 3 (the "**Sale Notice**") (subclauses (a)–(e) above, collectively, the "**Bidding and Auction Process**"), are hereby GRANTED to the extent set forth herein.

2. Any objections to the Motion as it pertains to the Bidding and Auction Process or the relief granted by this Order that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits with prejudice.

3.  The Bidding Procedures are hereby approved. The failure to specifically include or reference any particular provision of the Bidding Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being this Court's intent that the Bidding Procedures are approved in their entirety, as if fully set forth in this Order. The Debtors are hereby authorized to conduct the Auction pursuant to the terms of the Bidding Procedures and this Order.

4.  In the event that the Debtors enter into a Stalking Horse Agreement on or prior to July 2, 2018 (the "**Stalking Horse Deadline**") the Debtors shall file with the Court and serve on the Motion Notice Parties a Stalking Horse Notice. If the Stalking Horse Agreement satisfies the following conditions, (a) the Break-Up Fee does not exceed three percent (3.0%) of the aggregate cash purchase price; (b) the Expense Reimbursement does not exceed $350,000; (c) the Consultation Parties have provided their affirmative consent to the stalking horse designation; and (d) the Stalking Horse is not an insider (as defined in section 101(31) of the Bankruptcy Code), the Debtors may submit an order under certification of counsel approving the designation of the Stalking Horse Purchaser and Stalking Horse Agreement as a stalking horse without the need for further hearing, which order shall include findings consistent with those originally proposed in the form of order annexed to the Motion. If a Stalking Horse Purchaser and Stalking Horse Agreement are designated that do not satisfy each of the conditions (a) through (d) in the prior sentence, the Court shall hold a hearing to consider approval of the designation of the Stalking Horse Purchaser and Stalking Horse Agreement as a stalking horse to be held on the first date the Court is available that is at least five (5) business days after filing the applicable Stalking Horse Notice, with objections due at 4:00 p.m. the day prior to such hearing.

5. Notwithstanding any prepetition limitations, including, without limitation, any non-disclosure, confidentiality or similar provisions relating to any due diligence information, the Debtors and their estates shall be authorized to provide due diligence information to Qualifying Bidders provided that such Qualifying Bidders have delivered an executed confidentiality agreement in form and substance acceptable to the Debtors. The Debtors and their estates are not responsible for, and shall have no liability with respect to, any information obtained by, or provided to, any Qualifying Bidders in connection with the Bidding Procedures or the Sale, provided that the information was provided in accordance with this Order.

6. For all purposes under the Bidding Procedures: (a) any designated Stalking Horse Purchaser shall be considered a Qualifying Bidder, and any Stalking Horse Agreement shall be considered a Qualifying Bid; (b) should they decide to credit bid, applicable parties holding a perfected security interest in the Assets may seek to credit bid some or all of their claims within the meaning of section 363(k) of the Bankruptcy Code and to the extent demonstrated by their security interest documentation; *provided* that a Secured Creditor shall have the right to credit bid its claim only with respect to the collateral by which such Secured Creditor is secured and may only credit bid claims secured by a first lien unless the bid is accompanied by a cash bid in an amount sufficient to satisfy all senior liens in such collateral; (c) solely with respect to the timing of when a credit bid must be submitted by Wells Fargo Bank, N.A. and Capital Farm Credit, FLCA and subject to all other provisions of this Order and the Bidding Procedures, either party may submit a credit bid for any Asset upon which it claims a lien until the time the Auction has been closed for such Asset; and (d) in determining whether the Potential Bidders constitute Qualifying Bidders, the Debtors may consider a combination of bids for the Assets.

7. The Bidding Procedures shall apply to the Potential Bidders, the Qualifying Bidders, the submission, receipt, and analysis of all bids relating to the Sale, and the conduct of the Sale and the Auction.

8. The following "**Assumption and Assignment Procedures**" are hereby approved:

   (a) On or before June 27, 2018 (the "**Assumption Notice Deadline**"), the Debtors shall file with the Court and serve on each counterparty (each, a "**Counterparty**," and collectively, the "**Counterparties**") to a Target Contract a notice, substantially in the form attached to the Bidding Procedures Order as Exhibit 3 (the "**Assumption Notice**").

   (b) The Assumption Notice shall include, without limitation, the cure amount (each, a "**Cure Amount**"), if any, that the Debtors believe is required to be paid to the applicable Counterparty under section 365(b)(1)(A) and (B) of the Bankruptcy Code for each of the Target Contracts.

   (c) If after the Assumption Notice Deadline additional executory contracts or unexpired leases of the Debtors are determined to be Target Contracts (such additional contracts, the "**Additional Contracts**"), as soon as practicable thereafter and in no event less than five (5) business days before the commencement of the Auction, the Debtors shall file with the Court and serve, by overnight delivery, on the affected Counterparties an Assumption Notice, and such Counterparties shall file any Contract Objections (as defined below) not later than: (i) the Contract Objection Deadline (as defined below) in the event that such Assumption Notice was filed and served within five (5) days of the Assumption Notice Deadline and (ii) two (2) hours prior to the commencement of the Sale Hearing in the event that such Assumption Notice was filed and served more than five (5) days after the Assumption Notice Deadline.

   (d) As soon as reasonably practicable after the conclusion of the Auction, the Debtors shall file with the Court and post of the Claims Agent Website a notice identifying the Successful Bidder (a "**Notice of Successful Bidder**"), which shall set forth, among other things, (i) the Successful Bidder and Back-Up Bidder (if any), (ii) the Selected Target Contracts (as defined below), (iii) the proposed assignee(s) of such Selected Target Contracts, and (iv) contact information of the proposed assignee, so that Counterparties to the Selected Target Contracts may obtain the Successful Bidder's Adequate Assurance Information (as defined below), which shall be provided to each affected Counterparty on a confidential basis.

   (e) No later than one (1) business day after conclusion of the Auction, the Debtors will cause to be served by overnight mail the Notice of Successful

          Bidder upon each affected Counterparty and all parties requesting notice under Bankruptcy Rule 2002.

(f)     If a Counterparty objects to (i) the Cure Amount for its Target Contract, (ii) the Debtors' ability to assume and assign the Target Contract, or (iii) the provision of adequate assurance of future performance, the Counterparty must file with the Court and serve on the Objection Notice Parties (as defined below) a written objection (a "**Contract Objection**"). Any Contract Objection shall: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) be filed with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, together with proof of service, **on or before 4:00 p.m. (ET) on July 13, 2018** (the "**Contract Objection Deadline**"); (iv) be served, so as to be actually received on or before the Contract Objection Deadline, upon the Objection Notice Parties; and (v) state with specificity the grounds for such objection, including, without limitation, the fully liquidated cure amount and the legal and factual bases for any unliquidated cure amount that the Counterparty believes is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code for the Target Contract, along with the specific nature and dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto. If any Stalking Horse Purchaser is designated the Successful Bidder in accordance with the Bid Procedures, any objections to adequate assurance of performance by such Stalking Horse Purchaser shall be filed by the Contract Objection Deadline. Any objections to adequate assurance of future performance by a Successful Bidder other than a Stalking Horse Purchaser shall be filed not later than two (2) hours prior to the commencement of the Sale Hearing.

(g)     The "**Objection Notice Parties**" are as follows: (i) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: M. Blake Cleary, Esq., Sean T. Greecher, Esq., and Ryan M. Bartley, Esq.); (ii) proposed counsel to the Official Committee of Unsecured Creditors, Kilpatrick Townsend & Stockton LLP, The Grace Building, 1114 Avenue of the Americas, New York, New York 10036-7703 (Attn: David Posner, Esq.) and Morris Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801 (Attn: Derek C. Abbott, Esq.); (iii) counsel to Wells Fargo Bank, N.A., Pillsbury Winthrop Shaw Pittman LLP (Attn: M. David Minnick, Esq.), Four Embarcadero Center, 22nd Floor, San Francisco, California 94111-5998; and Richards, Layton & Finger, P.A. (Attn: John Henry Knight, Esq.), One Rodney Square, 920 North King Street, Wilmington, Delaware 19801; (iv) counsel to Capital Farm Credit, FLCA, Underwood (Attn: Roger Cox, Esq.), 500 S. Taylor, Ste.1200, Amarillo, Texas 79101 and Polsinelli, PC (Attn: Shanti M. Katona, Esq.), 222 Delaware Ave., Ste 1101, Wilmington, Delaware 19801; (v) the Office of the United States Trustee for the District of Delaware, 855 King Street,

Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq.); and (vi) counsel to the Stalking Horse Purchaser, if any.

(h) At the Sale Hearing, the Debtors will seek Court approval of the assumption and assignment to any Successful Bidder of only those Target Contracts that have been selected by any Successful Bidder to be assumed and assigned (each, a "**Selected Target Contract**," and collectively, the "**Selected Target Contracts**"). All parties reserve any and all rights with respect to any Target Contracts that are not ultimately selected as Selected Target Contracts.

(i) If no Contract Objection is timely received with respect to a Selected Target Contract, then upon the Closing of the Sale and payment of any Cure Amounts set forth in the Assumption Notice: (i) the Counterparty to such Selected Target Contract shall be deemed to have consented to the assumption by the Debtors and assignment to the Successful Bidder of the Selected Target Contract, and be forever barred from asserting any objection with regard to such assumption and assignment (including, without limitation, with respect to adequate assurance of future performance by the Successful Bidder); (ii) any and all defaults under the Selected Target Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code; and (iii) the Cure Amount for such Selected Target Contract shall be controlling, notwithstanding anything to the contrary in such Selected Target Contract, or any other related document, and the Counterparty shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Selected Target Contract against the Debtors and their estates or any Successful Bidder, or the property of any of them, that existed prior to the entry of the Sale Order.

(j) To the extent that the parties are unable to consensually resolve any Contract Objection prior to the commencement of the Sale Hearing, including, without limitation, any dispute with respect to the cure amount required to be paid to the applicable Counterparty under section 365(b)(1)(A) and (B) of the Bankruptcy Code (any such dispute, a "**Cure Dispute**"), such Contract Objection will be adjudicated at the Sale Hearing or at such other date and time as may be agreed by the Debtors, the applicable counterparty to the Selected Target Contract, and the Successful Bidder or fixed by the Court; *provided, however*, that if the Contract Objection relates solely to a Cure Dispute, the Selected Target Contract may be assumed by the Debtors and assigned to any Successful Bidder, provided that the cure amount that the Counterparty asserts is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code (or such lower amount as agreed to by the Counterparty) is deposited in a segregated account by the Debtors or the Successful Bidder

    designated solely for such purpose, pending the Court's adjudication of the Cure Dispute or the parties' consensual resolution of the Cure Dispute.

  (k) Notwithstanding anything to the contrary herein, if after the Sale Hearing or the entry of the Sale Order additional executory contracts or unexpired leases of the Debtors are determined to be Target Contracts, as soon as practicable thereafter, the Debtors shall file with the Court and serve, by overnight delivery, on the Counterparties an Assumption Notice, and such Counterparties shall file any Contract Objections not later than fourteen (14) days thereafter. If no Contract Objection is timely received, the Debtors shall be authorized to assume and assign such Target Contracts to any Successful Bidder, without further notice to creditors or other parties in interest and without the need for further order of the Court, and such assumption and assignment shall be subject to the terms of the Sale Order and paragraph 9(i) above.

9. The Debtors' decision to assume and assign any Target Contract is subject to this Court's approval and the closing of the Sale. Accordingly, absent this Court's approval and the closing of the Sale, no Target Contracts shall be deemed assumed or assumed and assigned, and shall in all respects be subject to further administration by the Debtors and their estates under the Bankruptcy Code in connection with these chapter 11 cases.

10. The Assumption and Assignment Procedures are appropriate and fair to all Counterparties and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. The Assumption Notice is: (a) reasonably calculated to (i) provide sufficient, effective notice to all Counterparties and any other affected parties of the Debtors' intent to assume and assign to any Successful Bidder some or all of the Target Contracts and (ii) afford the Counterparties the opportunity to exercise any rights affected by the Motion and the relief granted by this Order pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006; and (b) hereby approved.

11. The inclusion of a contract, lease, or other agreement on an Assumption Notice shall not constitute or be deemed a determination or admission by the Debtors and their estates or any other party in interest that such contract, lease or other agreement is, in fact, an executory

contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights of all parties with respect thereto shall be reserved.

12. The Stalking Horse Notice, the Assumption Notice, the Sale Notice, the Bidding Procedures, the Auction, the Sale Hearing, and the Assumption and Assignment Procedures and the objection periods associated with each of the foregoing are reasonably calculated to provide notice to any affected party and afford the affected party the opportunity to exercise any rights affected by the Motion as it relates to the Bidding Procedures, Auction, the Sale, the Sale Hearing, and the assumption and assignment to the Successful Bidder of the Target Contracts pursuant to Bankruptcy Rules 2002(a)(2), 6004 and 6006, and such notice and objection periods are hereby approved.

13. Within two (2) business days of the entry of this Order, the Debtors shall serve the Sale Notice on: (1) the Office of the United States Trustee for the District of Delaware; (2) counsel to Wells Fargo Bank, N.A.; (3) counsel to Capital Farm Credit, FLCA; (4) counsel to Black Diamond Commercial Finance, L.L.C.; (4) all parties known by the Debtors to assert a lien on any of the Assets; (5) all persons known or reasonably believed to have expressed an interest in acquiring all or a substantial portion of the Assets in the Debtors within the twelve (12) months prior to the Petition Date; (6) the Office of the United States Attorney for the District of Delaware; (7) the Office of the Attorney General in each state in which the Debtors operate or sell their goods; (8) the Office of the Secretary of State in each state in which the Debtors operate or are organized; (9) all taxing authorities having jurisdiction over any of the Assets, including the Internal Revenue Service; (10) all environmental authorities having jurisdiction over any of the Assets, including the Environmental Protection Agency; (11) all of the Debtors' other known creditors and equity security holders, including the Counterparties;

(12) all other parties that had filed a notice of appearance and demand for service of papers in these chapter 11 cases as of the service date; and (13) proposed counsel to the Official Committee of Unsecured Creditors ((1)-(13) above, collectively, the "**Sale Notice Parties**").

14. In addition, the Debtors shall publish the Sale Notice once in the national edition of one of *The New York Times*, *USA Today*, or the *Wall Street Journal* as soon as practicable after the entry of this Order. Publication of the Sale Notice as described in this Order conforms to the requirements of Bankruptcy Rules 2002(*l*) and 9008, and is reasonably calculated to provide notice to any affected party, including any Potential Bidders, and afford the affected party the opportunity to exercise any rights affected by the Motion and the relief granted by this Order.

15. The Debtors shall post any Stalking Horse Notice, the Sale Notice and this Order on the website of the Debtors' claims and noticing agent, at http://dm.epiq11.com/ColorSpot.

16. Any objections to the Sale or the relief requested in connection with the Sale (a "**Sale Objection**"), other than a Contract Objection, which shall be governed by the Assumption and Assignment Procedures, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, together with proof of service, **on or before 4:00 p.m. (ET) on July 13, 2018** (the "**Sale Objection Deadline**"); and (e) be served, so as to be actually received on or before the Sale Objection Deadline, upon the Objection Notice Parties. If a Sale Objection is not filed and served on or before the Sale Objection Deadline in accordance with the foregoing requirements, the objecting party shall be barred from objecting to the Sale and shall not be heard at the Sale Hearing, and this Court may enter the Sale Order without further notice to such party.

17. Failure to file a Sale Objection on or before the Sale Objection Deadline (a) shall forever bar the assertion, whether at any Sale Hearing or thereafter, of any objection to the Motion, to entry of the Sale Order, and/or to the consummation and performance of the Sale contemplated by a Purchase Agreement with a Successful Bidder, and (b) for purposes of section 363(f)(2) of the Bankruptcy Code, shall be deemed to be "consent" to entry of the Sale Order and consummation of the Sale and all transactions related thereto.

18. A Qualifying Bidder (other than any Stalking Horse Purchaser, Wells Fargo Bank, N.A. and Capital Farm Credit, FLCA) that desires to make a bid shall deliver a written and electronic copy of its bid in both PDF and MS-WORD format to the Consultation Parties so as to be received on or before **July 16, 2018 at 5:00 p.m. (ET)** (the "**Bid Deadline**"); *provided* that the Debtors may extend the Bid Deadline without further order of the Court, subject to providing notice to the Consultation Parties. To the extent that the Bid Deadline is extended for all parties, the Debtors shall file a notice on the docket in these chapter 11 cases indicating the same. Any party (other than any Stalking Horse Purchaser, Wells Fargo Bank, N.A. and Capital Farm Credit, FLCA) that does not submit a bid by the Bid Deadline will not be allowed to (a) submit any offer after the Bid Deadline and (b) participate in the Auction.

19. All persons or entities submitting a bid are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the sale or transfer of the Assets identified under the applicable Purchase Agreement.

20. As part of its bid, each Qualifying Bidder must provide the Debtors information supporting the Qualifying Bidder's ability to comply with the requirements of adequate assurance of future performance under section 365(f)(2)(B) and, if applicable, section 365(b)(3)

of the Bankruptcy Code (the "**Adequate Assurance Information**"), including (a) the bidder's financial wherewithal and willingness to perform under any contracts that are assumed and assigned to such potential bidder; (b) the name of any proposed counterparty that will act as the assignee of any Target Contract; and (c) a contact person for the proposed assignee that affected Counterparties may directly contact in connection with the adequate assurance of future performance. To the extent available, the Adequate Assurance Information may also include: (x) a corporate organization chart or similar disclosure identifying ownership and control of the proposed assignee; and (y) financial statements, tax returns and annual reports.

21.     The Debtors, the Consultation Parties, and the Counterparties to any Target Contracts included in an applicable bid shall keep confidential all Adequate Assurance Information provided to them under this Paragraph and shall be permitted to use and disclose such Adequate Assurance Information only as provided in this Order unless the Qualifying Bidder that provided such Adequate Assurance Information otherwise consents in writing. Each Counterparty in receipt of Adequate Assurance Information shall review the Adequate Assurance Information received on a confidential basis and shall not disclose the Adequate Assurance Information except as expressly provided in this Paragraph. Such Counterparty may not use or disclose, except to representatives, attorneys, advisors and financing sources (collectively, "**Representatives**"), any confidential Adequate Assurance Information for any purpose other than: (a) evaluating whether adequate assurance of future performance as required under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code has been provided; (b) in support of any objection (the "**Assignment Objection**") (subject to the limitations on disclosure set forth herein) by such Counterparty relating to adequate assurance of future performance; and (c) if the proposed assignee is successful and becomes a party to the Target

Contract, on a confidential basis, in the ordinary course of the contractual relationship. Any Assignment Objection which includes confidential, non-public Adequate Assurance Information must be filed under seal unless disclosure of such confidential, non-public information is authorized by the Debtors and the applicable assignee(s). This Order authorizes the filing of any such Assignment Objections under seal, and on the docket with such non-public information redacted, without further order of this Court; *provided*, that unredacted versions of such Assignment Objections shall be served upon the Debtors, Consultation Parties, and the U.S. Trustee, with a copy to the Court's chambers; *provided, further*, that parties shall have a period of ten (10) business days after the filing of any redacted Assignment Objection to object to the sealing of any information. Any Representative receiving Adequate Assurance Information shall be notified and shall agree to be bound by the restrictions set forth in this Order.

22.    If only one Qualifying Bids is submitted for certain Assets on or before the Bid Deadline, the Debtors shall not hold an Auction and may request at the Sale Hearing that this Court approve such Qualifying Bid and the transactions contemplated thereunder for those Assets. In the event that the Debtors timely receive two or more Qualifying Bids for the same Assets, the Debtors shall conduct the Auction for the subject Assets on **July 18, 2018 at 10:00 a.m. (ET)**, at Young Conaway Stargatt & Taylor, LLP, 1000 King Street, Rodney Square, Wilmington, Delaware 19801, or such other date and time as the Debtors, after consultation with the Consultation Parties, may notify Qualifying Bidders who have submitted Qualifying Bids; *provided* that such other date and time is no earlier than one (1) business days following the delivery of such notice.

23.    Each Auction Bidder shall confirm in writing that: (a) it has not engaged in any collusion with respect to the submission of any bid, the bidding or the Auction; and (b) its

Qualifying Bid is a good faith *bona fide* offer that it intends to consummate if selected as a Successful Bidder. All proceedings at the Auction shall be transcribed.

24. Following the Auction, the Debtors will determine, in consultation with the Consultation Parties, which Qualifying Bid is the highest or otherwise best bid for the Assets.

25. The Debtors, subject to the terms of this Order and the Bidding Procedures, shall have the right as they may reasonably determine, in consultation with the Consultation Parties, to be in the best interests of their estates to carry out the Bidding Procedures, including, without limitation, to: (a) determine which bidders are Qualifying Bidders; (b) determine which bids are Qualifying Bids; (c) determine which Qualifying Bid is a Baseline Bid; (d) determine which bids are the Successful Bid and Back-Up Bid, each as it relates to the Auction; (e) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (f) adjourn or cancel an Auction and/or the Sale Hearing in open court without further notice (other than the filing of a notice of such adjournment or cancellation on the docket of these chapter 11 cases, which notice may be the hearing agenda in the case of a Sale Hearing) or as provided in this Order and in the Bidding Procedures; (g) modify the Bidding Procedures consistent with their fiduciary duties and bankruptcy law; and (h) withdraw the Motion at any time with or without prejudice.

26. The Debtors shall have until **12:00 Noon on the business day prior to the Sale Hearing** to file and serve a reply to any objection filed in connection with the Sale, including any Sale Objection or Contract Objection.

27. The Debtors are authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

28.   In the event that there is a conflict between this Order and the Bidding Procedures, this Order shall control and govern.

29.   Prior to mailing the Assumption Notice and the Sale Notice, as applicable, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deems necessary or appropriate.

30.   All persons or entities that participate in the bidding process shall be deemed to have knowingly and voluntarily: (a) consented to the entry of a final order by this Court in connection with the Motion or this Order (including any disputes relating to the bidding process, the Auction and/or any Sale) to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution; and (b) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

31.   The rights of any of the Debtors' secured creditors to seek application of the proceeds of any sale to satisfy their secured claims and to object to any sale on any grounds are hereby reserved, as are the rights of any party to object to any of the foregoing. Additionally, solely as between the Debtors' creditors, all parties' rights to seek an allocation of the purchase price for any Asset that differs from an allocation provided by a proposed purchaser are reserved and, absent further court order, no party shall be bound by any proposed purchasers' allocation of purchase price to any particular Asset.

32.   This Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h) or 6006(d) or any other provision of the Bankruptcy Code, the Bankruptcy Rules or the Local Rules is expressly waived. The Debtors are not subject

to any stay in the implementation, enforcement or realization of the relief granted in this Order, and may, in their reasonable discretion and without further delay, take any action and perform any act authorized or approved under this Order.

33. The requirements set forth in Local Rules 6004-1, 9006-1 and 9013-1 are hereby satisfied or waived.

34. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of the Order.

Dated: June 25, 2018
Wilmington, Delaware

_____
Laurie Selber Silverstein
United States Bankruptcy Judge