**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **COLOR SPOT HOLDINGS, INC., et al.,**[1] | Case No. 18-11272 (LSS) |
| Debtors. | Jointly Administered |

**NOTICE OF ESTABLISHMENT OF BAR DATES FOR FILING PROOFS
OF PREPETITION CLAIMS, INCLUDING SECTION 503(b)(9) CLAIMS**

**To All Persons and Entities with Claims Against Any of the Following Debtor Entities:**

> YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE
> HOLDING A CLAIM AGAINST ONE OR MORE OF THE DEBTORS IN
> THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD
> READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.
> IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

On May 29, 2018 (the "**Petition Date**"), Color Spot Holdings, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") filed petitions commencing chapter 11 cases under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

| DEBTOR | CASE NO. |
|---|---|
| Color Spot Holdings, Inc. | 18-11272 (LSS) |
| Color Spot Nurseries, Inc. | 18-11273 (LSS) |
| Hines Growers, Inc. | 18-11274 (LSS) |
| Lone Star Growers, Inc. | 18-11275 (LSS) |

On July 26, 2018, the Court entered an order [D.I. 248] (the "**Bar Date Order**") establishing various bar dates for filing proofs of claim and requests for allowance of certain administrative expenses.  The Court has established August 30, 2018 at 4:00 p.m. (the "**General Bar Date**") as the general claims bar date for filing proofs of claim in these chapter 11 cases for all persons and entities other than governmental units, and November 27, 2018, at 4:00 p.m. (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Color Spot Holdings, Inc. (7061); Color Spot Nurseries, Inc. (3266); Hines Growers, Inc. (5946); and Lone Star Growers, Inc. (4748).  The Debtors' principal offices are located at 27368 Via Industria, Suite 201, Temecula, CA 92590.

01:23454588.1

"**Government Bar Date**") as the bar date for governmental units to file proofs of claim in these chapter 11 cases. As described below, the Bar Date Order also establishes different bar dates for other categories of claims.

For your convenience, enclosed with this notice is a personalized proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "**Schedules**").

As used in this notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the United States trustee. The terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

Additionally, the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. Finally, "**Section 503(b)(9) Claims**" means any claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code.

1. **The Bar Dates**

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (the "**Bar Dates**"):

(i) <u>The General Bar Date</u>. Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file proofs of claim by *August 30, 2018, 2018 at 4:00 p.m.*. The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including Section 503(b)(9) Claims, secured claims, unsecured priority claims, and unsecured nonpriority claims.

(ii) <u>The Government Bar Date</u>. Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file proofs of claim by *November 27, 2018 at 4:00 p.m.*. The Government Bar Date applies to all governmental units holding claims against the Debtors (whether Section 503(b)(9) Claim, secured claims, unsecured priority claims, or unsecured nonpriority claims) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax periods or prepetition transactions to which the Debtors were a party.

(iii) <u>The Amended Schedule Bar Date</u>.  If, subsequent to the date of this notice, a Debtor amends or supplements its Schedules to modify the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules to change the nature or classification of a claim against a Debtor reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a proof of claim or amend any previously filed proof of claim in respect of the affected claim on or before the later of (a) the above-listed Bar Date applicable to such affected creditor and (b) twenty-one (21) days after the date that notice of the applicable amendment or supplement to the Schedules is served on the creditor.  The later of these dates is referred to in this Notice as the "**Amended Schedule Bar Date**."

(iv) <u>The Rejection Bar Date</u>.  Any entity whose claim arises out of the Court-approved rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code prior to the confirmation of a chapter 11 plan in the applicable Debtor's case must file a proof of claim on or before the later of (a) the General Bar Date (or the Government Bar Date for governmental units), and (b) twenty-one (21) days after the effective date of rejection of the applicable contract or lease.  The later of these dates is referred to in this Notice as the "**Rejection Bar Date**."

2. **Who Must File a Proof of Claim**

Unless one of the exceptions described in <u>Section 5</u> below applies, you MUST file a proof of claim to vote on a chapter 11 plan of reorganization or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose or is deemed to have arisen prior to the Petition Date.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Except where the Rejection Bar Date, the Government Bar Date, or the Amended Schedule Bar Date applies to establish a different deadline or one of the exceptions in Section 5 applies, the following entities must file proofs of claim on or before the General Bar Date:

(i) any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed in the Schedules as either one or more of: disputed, contingent, or unliquidated; and

(ii) any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

3. **What to File**

The Debtors are enclosing a proof of claim form for use in these cases, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form B10.  If your claim is scheduled by the Debtors, the attached proof of claim form also sets forth:  (i) the

amount of your claim (if any) as scheduled by the Debtors; (ii) the specific Debtor against which the claim is scheduled; (iii) whether your claim is scheduled as either one or more of: disputed, contingent, or unliquidated; and (iv) whether your claim is listed as a secured, unsecured priority, or unsecured nonpriority claim. You will receive a different proof of claim form for each claim scheduled in your name by the Debtors. You may utilize the proof of claim form provided by the Debtors to file your claim.

All proof of claim forms must be signed by the creditor or, if the creditor is not an individual, by an authorized agent of the creditor. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any entity asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted. If more than one Debtor is listed on the form, the proof of claim will be treated as filed *only* against the first listed Debtor.

Under the Bar Date Order, the filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code. *For the avoidance of doubt, Section 503(b)(9) Claims must be filed by the General Bar Date.*

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

4. **When and Where to File**

All proofs of claim must be submitted so as to be actually received by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("**Epiq**"), *on or before the applicable Bar Date* (i) by completing the electronic proof of claim form on Epiq's website at http://dm.epiq11.com/colorspot or (ii) in person, by courier service, by hand delivery, or by mail so as to be received *on or before the applicable Bar Date* at the following address:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Color Spot Holdings, Inc., | Color Spot Holdings, Inc., |
| Claims Processing Center | Claims Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| P.O. Box 4419 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4419 | Beaverton, OR 97005 |

Proofs of claim will be collected, docketed, and maintained by Epiq. If you wish to receive acknowledgement of Epiq's receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim (i) a copy of the original proof of claim and (ii) a self-addressed, postage prepaid return envelope.

01:23454588.1

*Proofs of claim will be deemed filed only when actually received by Epiq. Proofs of claim may not be delivered by facsimile or electronic mail transmission.* Any facsimile or electronic mail submissions will not be accepted and will not be considered filed until a proof of claim is submitted by one of the methods described above.

**5.     Who Need Not File a Proof of Claim**

The Bar Date Order further provides that the following entities, who otherwise would be subject to the General Bar Date, need *not* file proofs of claim in these cases:

(i)     any person or entity that already has filed a signed proof of claim against the applicable Debtor(s) with Epiq or the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B10;

(ii)    any person or entity whose claim is listed on the Schedules if: (a) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" (b) such entity agrees with the amount, nature, classification, and priority of the claim as set forth in the Schedules; and (c) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(iii)   any holder of a claim that previously has been allowed by order of the Court;

(iv)   any holder of a claim that has been paid in full by any of the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(v)    any Debtor having a claim against another Debtor;

(vi)   any holder of an administrative expense allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code other than a Section 503(b)(9) Claim;  and

(vii)  any holder of an interest based on equity securities of a Debtor solely with respect to such holder's ownership interest in or possession of such equity securities; *provided, however*, that any such holders who wish to assert a claim against any of the Debtors based on transactions in the Debtors' securities, including, but not limited to, claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date; *provided, further*, that the Debtors reserve all rights with respect to any such claims including, *inter alia*, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

**6.     Executory Contracts and Unexpired Leases**

As described in Section 1 above, any entity that has a claim arising out of the rejection of an executory contract or unexpired lease prior to the confirmation of a plan of reorganization must file a proof of claim for damages caused by such rejection by the Rejection Bar Date.

7.        **Consequences of Failure to File a Proof of Claim by the Applicable Bar Date**

**ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM THE FOLLOWING: (i) ASSERTING ANY CLAIM AGAINST THE DEBTORS THAT AROSE PRIOR TO THE PETITION DATE THAT THE ENTITY HAS THAT (a) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED, OR (b) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION THAN ANY CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH PERSON OR ENTITY (ANY SUCH CLAIM UNDER SUBPARAGRAPH (a) BEING REFERRED TO IN THIS NOTICE AS AN "<u>UNSCHEDULED CLAIM</u>"); OR (ii) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OR PLANS OF REORGANIZATION IN THE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM.**

8.        **The Debtors' Schedules and Access Thereto**

You may be listed as the holder of a claim against one or more of the Debtors in the Schedules.  To determine if and how you are listed in the Schedules, please refer to the information set forth on the enclosed proof of claim form regarding the nature, amount, classification, and status of your claim.  If the Debtors believe that you may hold claims against more than one Debtor, you will receive proof of claim forms, each of which will reflect the nature and amount of your claim by separate Debtor, as listed in the Schedules.

If you choose to rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, the enclosed form:  (i) sets forth the amount of your claim (if any) as set forth in the Schedules; (ii) identifies the Debtor against which it is scheduled; (iii) specifies whether your claim is listed in the Schedules as either one or more of disputed, contingent, or unliquidated; and (iv) identifies whether your claim is scheduled as a secured claim, unsecured priority claim, or unsecured nonpriority claim.

As described above, if:  (i) you agree with the nature, amount, and status of your claim as listed in the Schedules; (ii) you do not dispute that your claim is only against the Debtor specified by the Debtors; and (iii) your claim is *not* described as either one or more of: "disputed," "contingent," or "unliquidated;" you need not file a proof of claim.  Otherwise, you must file a proof of claim before the applicable Bar Date in accordance with the procedures set forth in this Notice.

9.        **Reservation of Rights**

The Debtors reserve the right to:  (i) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, priority, classification, or otherwise; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.  Nothing

contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

### 10. Additional Information

Copies of the Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Epiq's website at http://dm.epiq11.com/colorspot. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through PACER at www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday, at the office of the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' notice and claims agent, Epiq, by calling 646-282-2500, or emailing Colorspot@epiqglobal.com.

A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT ITS OWN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM. NEITHER THE COURT NOR COUNSEL TO THE DEBTORS CAN ADVISE CREDITORS WHETHER THEY SHOULD FILE A PROOF OF CLAIM.

| | |
|---|---|
| Dated: July 27, 2018<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Jaime Luton Chapman*<br>M. Blake Cleary (No. 3614)<br>Sean T. Greecher (No. 4484)<br>Ryan M. Bartley (No. 4985)<br>Jaime Luton Chapman (No. 4936)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>*Counsel to the Debtors and Debtors in Possession* |

01:23454588.1